1 | Alycia A. Degen (SBN 211350)
  | adegen@sidley.com
2 | SIDLEY AUSTIN LLP
  | 555 California Street, 20th Floor
3 | San Francisco, CA 94104
  | Telephone:  (415) 772-1200
4 | Facsimile:   (415) 772-7400

5 | Kara L. McCall (*Pro Hac Vice*)
  | kmccall@sidley.com
6 | Elizabeth Chiarello (*Pro Hac Vice*)
  | echiarello@sidley.com
7 | SIDLEY AUSTIN LLP
  | 1 S. Dearborn Street
8 | Chicago, IL 60603
  | Telephone:  (312) 853-7000
9 | Facsimile:   (312) 853-7036

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRANZ, On Behalf of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>BEIERSDORF, INC. a Delaware Corporation,<br><br>    Defendant. | Case No. **3:14-cv-02241-LAB-RBB**<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>JUDGE:  Hon. Larry Alan Burns<br>DATE:    February 2, 2015<br>TIME:    11:15 a.m.<br>PLACE:  Courtroom 14A<br><br>***Oral Argument Requested** |

**TABLE OF CONTENTS**

**Page**

BACKGROUND ...............................................................................................................1

ARGUMENT ....................................................................................................................2

    I.    CLASS MEMBERSHIP IS NOT OBJECTIVELY ASCERTAINABLE. ............................................................................................3

    II.    PLAINTIFF'S PROPOSED MULTI-STATE CLASS DEFINITION IS FATALLY FLAWED. ...................................................6

    III.    VARIATIONS IN APPLICABLE LAW RENDER PLAINTIFF'S PROPOSED MULTI-STATE CLASS UNMANAGEABLE. ......................................................................................9

CONCLUSION ...............................................................................................................13

i

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S CLASS ALLEGATIONS - CASE NO. 14-CV-02241

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Algarin v. Maybelline, LLC*,
    300 F.R.D. 444, 451 (S.D. Cal. 2014) .......................................................... 2, 4, 5

*Bauer v. Dean Morris, LLP*,
    No. CIV. A. 08-5013, 2011 WL 3924963, at *3 (E.D. La. Sept. 7,
    2011) .................................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) .................................................................................. 7

*Belle v. Chrysler Grp., LLC*,
    No. SACV 12-00936 JVS, 2013 WL 949484, at *6 (C.D. Cal. Jan. 29,
    2013) .................................................................................................................. 9

*BMW of N. Am., Inc. v. Gore*,
    517 U.S. 559, 568-69 (1996) ............................................................................ 7

*Bunting v. Progressive Corp.*,
    809 N.E.2d 225, 231 (Ill. App. Ct. 2004) ....................................................... 10

*Carrera v. Bayer Corp.*,
    727 F.3d 300, 306 (3d Cir. 2013) ............................................................... 3, 4, 6

*Castano v. Am. Tobacco Co.*,
    84 F.3d 734, 741-44, 749-50 (5th Cir. 1996) .................................................. 12

*Conigliaro v. Norwegian Cruise Line Ltd.*,
    No. 05-21584-CIV, 2006 WL 7346844, at *4 (S.D. Fla. Sept. 1, 2006) ........... 8

*Consumers' Action Network v. Sprint Solutions, Inc.*,
    259 F.R.D. 484, 487-88 (S.D. Cal. 2009) .................................................. 11, 12

*Daniel F. v. Blue Shield of Cal.*,
    No. C 09-2037 PJH, 2014 WL 3907150, at *6 (N.D. Cal. Aug. 11,
    2014) .................................................................................................................. 8

*Davis v. Powertel, Inc.*,
    776 So. 2d 971, 973-74 (Fla. 1st DCA 2000) ................................................. 10

*Dix v. Am. Bankers Life Assur. Co. of Fla.*,
    415 N.W.2d 206, 209 (Mich. 1987) ................................................................ 10

*Gentges v. Trend Micro Inc.*,
    No. C 11-5574 SBA, 2012 WL 2792442, at *6 (N.D. Cal. July 9,
    2012) .................................................................................................................. 9

*Grayson v. 7-Eleven Inc.*, No. 09-cv-1353 MMA (WMC),
    2011 WL 2414378, at *3 (S.D. Cal. June 10, 2011) ................................... 2, 12

ii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S CLASS ALLEGATIONS - CASE NO. 14-CV-02241

*Grodzitsky v. Am. Honda Motor Co., Inc.*,
　No. 2:12-cv-01142-SVW-PLAx, 2014 WL 718431, at *8
　(C.D. Cal. Feb. 19, 2014) ...................................................................................7, 10, 11

*Gustafson v. BAC Home Loans Servicing, LP*,
　294 F.R.D. 429, 540 (C.D. Cal. 2013) ........................................................................7, 10

*Haner v. Quincy Farm Chem., Inc.*,
　649 P.2d 828, 831 (Wash. 1982) ......................................................................................10

*Hodes v. Van's v. Int'l Foods*,
　No. 09-1530, 2009 WL 2424214, at *4 (C.D. Cal. July 23, 2009) .....................5

*In re Bridgestone/Firestone, Inc.*,
　288 F.3d 1012, 1018 (7th Cir. 2002) ............................................................… 12

*In re Clorox Consumer Litig.*,
　No. 12-00280 SC, 2014 WL 3728469, at *2 (N.D. Cal. July 28,
　2014) .........................................................................................................*passim*

*In re POM Wonderful LLC*,
　No. ML 10-02199, MDL No. 2199 DDP RZX, 2014 WL 1225184, at
　*6 (C.D. Cal. Mar. 25, 2014) ..............................................................................5

*In re PPA Prod. Liab. Litig.*,
　214 F.R.D. 614, 618 (W.D. Wash. 2003) ..........................................................6

*In re St. Jude Med., Inc.*,
　425 F.3d 1116, 1119-22 (8th Cir. 2005) ..........................................................12

*In re Yasmin & Yaz Mktg.*,
　275 F.R.D. 270, 276 (S.D. Ill. 2011) .................................................................3

*John v. Nat'l Sec. Fire & Cas. Co.*,
　501 F.3d 443, 445 (5th Cir. 2007) ....................................................................3

*Marcus v. BMW of N. Am., LLC*,
　687 F.3d 583, 592-93 (3d Cir. 2012) ............................................................3, 6

*Marsh v. First Bank of Del.*,
　No. 11-cv-05226-WHO, 2014 WL 2085199, at *8 (N.D. Cal. May 19,
　2014) .................................................................................................................11

*Mazza v. Am. Honda Motor Co., Inc.*,
　666 F.3d 581, 594 (9th Cir. 2012) ............................................................*passim*

*McCann v. Foster Wheeler LLC*,
　48 Cal. 4th 68, 97-98 (Cal. 2010) ....................................................................10

*Minkler v. Kramer Labs., Inc.*,
　No. CV 12-9421-JFW FFMX, 2013 WL 3185552, at *6 (C.D. Cal.
　Mar. 1, 2013) ......................................................................................................4

*Nordale, Inc. v. Samsco, Inc.*,
　830 F. Supp. 1263, 1272 (D. Minn. 1993) .......................................................10

iii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S CLASS ALLEGATIONS - CASE NO. 14-CV-02241

*Pilgrim v. Univ. Health Card, LLC*,
    660 F.3d 943, 949 (6th Cir. 2011) ...............................................................3, 12

*Red v. Kraft Foods, Inc.*,
    No. 10-1028, 2012 WL 8019257, at *5 (C.D. Cal. April 12, 2012) ..................5

*Route v. Mead Johnson Nutrition Co.*,
    No. CV 12-7350-GW(JEMx), 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013)..................................................................................................................12

*Rowden v. Pacific Parking Sys., Inc.*,
    282 F.R.D. 581, 585 (C.D. Cal. 2012) .........................................................3, 5

*Schilling v. Kenton Cnty., Ky*,
    No. CIV. A. 10-143-DLB, 2011 WL 293759, at *6 (E.D. Ky. Jan. 27, 2011)..............................................................................................................3, 4, 6

*Schwartz v. Lights of Am.*,
    No. 11-1712, 2012 WL 4497398, at *5-6 (C.D. Cal. Aug. 31, 2012) ..............12

*Schwartz v. Upper Deck Co.*,
    183 F.R.D. 672, 679-80 (S.D. Cal. 1999) .........................................................2

*Smith v. Bayer Corp.*,
    131 S. Ct. 2368, 2377 (2011) ...........................................................................7

*Szabo v. Bridgeport Machs., Inc.*,
    249 F.3d 672, 674 (7th Cir. 2001).................................................................12

*Tietsworth v. Sears*,
    720 F. Supp. 2d 1123, 1147 (N.D. Cal. 2010) ..............................................3, 4

*Vinole v. Countrywide Home Loans, Inc.*,
    571 F.3d 935, 940, 942 (9th Cir. 2009)............................................................2

*Wal-Mart Stores, Inc. v. Dukes*,
    131 S.Ct. 2541, 2551 (2011) .....................................................................2, 11

*Warnick v. Dish Network LLC*,
    301 F.R.D. 551 (D. Colo. 2014).......................................................................8

*Wash. Mut. Bank v. Superior Ct.*,
    24 Cal. 4th 906, 919-20 (Cal. 2001).................................................................9

*Wright v. Family Dollar, Inc.*,
    No. 10 C 4410, 2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ..............2, 3

*Xavier v. Philip Morris USA, Inc.*,
    787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) ..................................................8

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180, 1186 (9th Cir. 2001).....................................................2, 11, 12

iv

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S CLASS ALLEGATIONS - CASE NO. 14-CV-02241

**RULES & STATUTES**

Cal. Civ. Code § 1780 (a)(1)-(5) (2014) ........................................................................... 11

Fed. R. Civ. P. 12(f) ........................................................................................................... 2

Fed. R. Civ. P. 23(b)(3) ................................................................................................... 11

Fed. R. Civ. P. 23(c)(1)(A) ................................................................................................ 2

Fed. R. Civ. P. 23(d)(1)(D) ................................................................................................ 2

N.J. Stat. Ann. § 56:8-19 (2014) ..................................................................................... 11

**OTHER AUTHORITIES**

7A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL §
  1760 (3d ed. 2005) ....................................................................................................... 3

v

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE
PLAINTIFF'S CLASS ALLEGATIONS - CASE NO. 14-CV-02241

Because it is evident from the face of Plaintiff's Corrected First Amended Class Action Complaint [D.E. 19] ("FAC") that Plaintiff's proposed classes cannot be certified, Beiersdorf. Inc. ("Beiersdorf") moves to strike Plaintiff's class allegations pursuant to Federal Rules of Civil Procedure 23(d)(1)(D) and 12(f).  The putative classes — defined as all purchasers of NIVEA Skin Firming Hydration Body Lotion with CoQ10 Plus (the "Lotion") in California, or, alternatively, in California and "states with similar laws," FAC, ¶¶ 46-47 — cannot be certified, as demonstrated by Plaintiff's FAC alone.  *First*, class membership is not ascertainable, because there is no reliable method to identify class members.  *Second*, the class definition is fatally flawed because Plaintiff does not identify the "states with similar laws" in which consumers had to have purchased the product for class membership.  *Third*, Plaintiff's putative multi-state class would be unmanageable and inappropriate for class certification due to variations in state law applicable to putative class members' claims.

For these reasons and those discussed further below, Plaintiff's class allegations should be stricken from her FAC.

## BACKGROUND

As set forth in greater detail in Beiersdorf's Motion to Dismiss Plaintiff's FAC (filed concurrently herewith), Plaintiff alleges that Beiersdorf's representations regarding the Lotion "are false, misleading, deceptive, and . . . unlawful."  FAC, ¶ 14. Plaintiff alleges that she purchased the Lotion, thereby "suffer[ing] injury in fact and lost money." *Id*. ¶ 11.  On these allegations, Plaintiff brings claims under California's Unfair Competition Law ("UCL") (Count I), *id*. ¶¶ 56-64, and California's Consumer Legal Remedies Act ("CLRA") (Count II), *id*. ¶¶ 65-77.  Plaintiff seeks certification of a class of all consumers who, within the applicable statute of limitations period, purchased the Lotion in either:  (1) "California and states with similar laws" (the "Multi-State Class"); or, alternatively, (2) California (the "California-Only Class").

*Id.* ¶¶ 46-47.  With respect to the Multi-State Class, Plaintiff "preliminarily avers" that Beiersdorf violated the laws of ten different states.  *Id.* at ¶ 46 n.6.

## ARGUMENT

A plaintiff seeking class certification must plead and prove facts sufficient to establish each of the requirements of Rule 23(a), and at least one requirement of Rule 23(b).  *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551 (2011); *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001); *Algarin v. Maybelline, LLC*, 300 F.R.D. 444, 451 (S.D. Cal. 2014).  Additionally, courts have held that an implicit requirement of Rule 23 is that the class be "adequately defined and clearly ascertainable before a class action may proceed." *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 679-80 (S.D. Cal. 1999).  Finally, where the laws of multiple states must be applied, "courts routinely deny class certification" because such classes would be unmanageable.  *Grayson v. 7-Eleven Inc.*, No. 09-cv-1353 MMA (WMC), 2011 WL 2414378, at *3 (S.D. Cal. June 10, 2011).

Under Rule 23, district courts are required to resolve the class certification question "at an early practicable time" and enjoy "broad discretion to control the class certification process."  *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 940, 942 (9th Cir. 2009) (quoting Fed. R. Civ. P. 23(c)(1)(A)).  In exercising that discretion, a court may "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly."  Fed. R. Civ. P. 23(d)(1)(D).  Likewise, Federal Rule of Civil Procedure 12(f) authorizes courts to strike "from any pleading . . . any redundant, impertinent, or scandalous matter."

Thus, a district court may strike class allegations where it is evident from the pleadings that the proposed class cannot be certified.  *See Vinole*, 571 F.3d at 939-41 (affirming ruling granting defendant's motion to deny class certification and holding that "[a] defendant may move to deny class certification before a plaintiff files a motion to certify a class"); *see also Wright v. Family Dollar, Inc.*, No. 10 C 4410,

2010 WL 4962838, at *1 (N.D. Ill. Nov. 30, 2010) ("courts may – and should – address the plaintiff's class allegations when the pleadings are facially defective"). Courts have specifically stricken class allegations where, as here, it was apparent from the pleadings that: (a) the proposed class was not objectively ascertainable,[1] and (b) conflicts of state law rendered putative classes unmanageable.[2]

## I. CLASS MEMBERSHIP IS NOT OBJECTIVELY ASCERTAINABLE.

A proposed class definition "must be not only precise, but also objective and presently ascertainable." *Rowden v. Pacific Parking Sys., Inc.*, 282 F.R.D. 581, 585 (C.D. Cal. 2012); *see also In re Clorox Consumer Litig.*, No. 12-00280 SC, 2014 WL 3728469, at *2 (N.D. Cal. July 28, 2014); *Carrera v. Bayer Corp.*, 727 F.3d 300, 306 (3d Cir. 2013); *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 592-93 (3d Cir. 2012) ("an essential prerequisite of a class action . . . is that the class must be currently and readily ascertainable based on objective criteria"); 7A Wright, Miller & Kane, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1760 (3d ed. 2005)). A class is "sufficiently defined and ascertainable if it is 'administratively feasible for the court to

---

[1] *See, e.g.*, *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("Where it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings"); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147 (N.D. Cal. 2010) (striking class allegations where class of consumers of certain model washing machines was "not ascertainable"); *Schilling v. Kenton Cnty., Ky*, No. CIV. A. 10-143-DLB, 2011 WL 293759, at *6 (E.D. Ky. Jan. 27, 2011) (striking class allegations where the proposed class definition was "fatally flawed because the Court cannot determine its individual members without reviewing the evidence relative to each" potential member); *Bauer v. Dean Morris, LLP*, No. CIV. A. 08-5013, 2011 WL 3924963, at *3 (E.D. La. Sept. 7, 2011) (striking class allegations where "[t]he need to conduct such individual inquiries to determine who qualifies as a member of the class undermines the administrative benefits of Rule 23").

[2] *See, e.g.*, *Pilgrim v. Univ. Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011) (striking class allegations of a nationwide putative class because the class's consumer protection claims were "governed by different States' laws, a largely legal determination, and no proffered or potential factual development offers any hope of altering that conclusion, one that generally will preclude class certification"); *In re Yasmin & Yaz Mktg.*, 275 F.R.D. 270, 276 (S.D. Ill. 2011) (striking class allegations, and holding that "because governing choice of law principles require application of the substantive laws of the fifty states and the District of Columbia—laws which vary amongst the jurisdictions—the case cannot be maintained as a nationwide class action").

determine whether a particular individual is a member.'" *Algarin*, 300 F.R.D. at 454 (internal citation and quotation omitted); *see also In re Clorox Consumer Litig.*, 2014 WL 3728469, at *2. It is administratively feasible to identify class members only when (1) class membership is "based on an objective criterion" and (2) the plaintiff offers a "reliable method of determining who the actual members of the class are." *Algarin*, 300 F.R.D. at 455; *see also Minkler v. Kramer Labs., Inc.*, No. CV 12-9421-JFW FFMX, 2013 WL 3185552, at *6 (C.D. Cal. Mar. 1, 2013) (the court must be able to identify class members without "significant, time-intensive, individualized evidence"); *Carrera*, 727 F.3d at 308 ("to satisfy ascertainability as it relates to proof of class membership, the plaintiff must demonstrate his purported method for ascertaining class members is reliable and administratively feasible").

Here, Plaintiff has not pled, nor could she, that putative class members can be readily identified. For instance, Plaintiff does not allege that she or putative class members retained documentary proof of purchase. The best she can do apparently is provide an "approximate[]" time of year during which she allegedly purchased the Lotion, *see* FAC, ¶ 11. Nor does she allege that Beiersdorf or retail stores have records of purchasers or other methods for identifying class members. She alleges only that "the Lotion is sold . . . in virtually every major food, drug, and mass retail outlet in the country." *Id.* ¶ 13. Under these circumstances, Plaintiff has failed to plead that she can establish the requirements for class certification under Rule 23. *Tietsworth,* 720 F. Supp. 2d at 1147 (striking class allegations because plaintiff did not plead an ascertainable class); *Schilling*, 2011 WL 293759, at *7 (dismissing class claims because the court could not "cull from the Complaint a readily identifiable class"); *see also*, *Algarin*, 300 F.R.D. at 456 (numerous cases "stand for the proposition that where a court has no way to verify if a purchaser is actually a class member, class certification may be improper"); *In re Clorox Consumer Litig.*, 2014 WL 3728469, at *4 (denying motion for class certification on behalf of consumers of cat litter because "[c]ustomers do not remember when they purchased [the product] or

how much they bought" and certain retailers "do not have any way of identifying [product] purchasers"); *In re POM Wonderful LLC*, No. ML 10-02199, MDL No. 2199 DDP RZX, 2014 WL 1225184, at *6 (C.D. Cal. Mar. 25, 2014) (decertifying class of juice product consumers, because "where purported class members purchase an inexpensive product for a variety of reasons, and are unlikely to retain receipt or other transactions records, class actions may present such daunting administrative challenges that class treatment is not feasible"); *Hodes v. Van's v. Int'l Foods*, No. 09-1530, 2009 WL 2424214, at *4 (C.D. Cal. July 23, 2009) (denying class certification due to concerns over "how Plaintiffs will identify each member … [because] the likelihood that tens of thousands of class members saved their receipts as proof of their purchase [of plaintiff's product] is very low").

To the extent that Plaintiff may argue that putative class members can attest to their prior purchases of the Lotion, courts have rejected this proposition in similar contexts. Generally, courts have only deemed self-identification an administratively feasible means of identifying class members where (1) consumers are likely to keep receipts; (2) the relevant purchase was a memorable "big ticket" item; or (3) defendant has a list of consumers. *See Algarin*, 300 F.R.D. at 456 (citing *Red v. Kraft Foods, Inc.*, No. 10-1028, 2012 WL 8019257, at *5 (C.D. Cal. Apr. 12, 2012)). Plaintiff does not allege, nor could she given the nature of the product, that any of these scenarios as present here. Plaintiff alleges that the Lotion retails for less than $11.00, FAC, ¶ 44 n.5; consumers are unlikely to recall purchase details for such a small ticket item, especially for a class period dating back nearly five years. *See id*. ¶¶ 13 (alleging launch of product in 2010), 46-47 (defining putative classes from date of launch); *see also Rowden*, 282 F.R.D. at 586 ("speculative testimonials about . . . transactions occurring five years ago would be incredibly time consuming, and quite frankly, a tragic waste of scarce judicial resources"). Moreover, Plaintiff does not allege that Beiersdorf has a list of consumers of the Lotion; to the contrary, this is a common, retail product for which manufacturers ordinarily do not have records of purchasers.

Further, relying on the "vagaries of memory" reflected in class member affidavits is not an adequate means of ascertaining members of a class. *In re PPA Prod. Liab. Litig.,* 214 F.R.D. 614, 618 (W.D. Wash. 2003) (concluding that affidavits were unreliable to ascertain a class because it is "a rare person who has such a precise memory" that he or she could remember the details of a purchase made two years ago); *see also In re Clorox Consumer Litig.*, 2014 WL 3728469, at *2 ("affidavits from consumers alone are insufficient to identify members of the class"); *Carrera*, 727 F.3d at 308 (use of affidavits to identify a class of consumers of dietary supplements was not a reliable method of ascertaining the class); *Marcus*, 687 F.3d at 594 ("forcing" defendants "to accept as true absent persons' declarations that they are members of the class, without further indicia of reliability, would have serious due process implications").

Because Plaintiff has failed to plead — or provide any support for the proposition — that membership in the putative class is objectively ascertainable, the class allegations in the FAC should be stricken. *See supra,* n.1 (collecting cases).

## II. PLAINTIFF'S PROPOSED MULTI-STATE CLASS DEFINITION IS FATALLY FLAWED.

Additionally, Plaintiff's Multi-State Class is not ascertainable because Plaintiff's class definition does not put Beiersdorf, putative class members, or the Court on notice of which purchasers are in the class, or what claims will be asserted. *Schilling*, 2011 WL 293759, at *8 (dismissing class allegations because plaintiff's proposed class definition was not sufficiently definite); *see also Marcus*, 687 F.3d 583, 591-92 (a clear class definition is necessary in order to (1) help class members understand their rights and make informed opt-out decisions; (2) protect absent class members; and (3) protect defendants by ensuring persons who will be bound by the final judgment are clearly identifiable); *Carrera*, 727 F.3d at 305-06 (same).

Plaintiff defines the Multi-State Class to include consumers in California and "states with similar laws." FAC, ¶ 46. She does not reveal her criteria for any two

laws to be deemed "similar," and while she "preliminarily avers" that Beiersdorf violated the laws of ten "states and territories wherein Class members reside," she specifically defers the determination of which laws will be invoked until some unspecified discovery is conducted. *See id*. ¶ 46 n.6. As an initial matter, discovery is irrelevant to whether state laws are "similar." That is a question of law, and courts are legion in holding as a matter of law that state consumer protection laws materially differ from each other. *See, e.g., Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581, 594 (9th Cir. 2012); *Grodzitsky v. Am. Honda Motor Co., Inc.*, No. 2:12-cv-01142-SVW-PLAx, 2014 WL 718431, at *8 (C.D. Cal. Feb. 19, 2014); *Gustafson v. BAC Home Loans Servicing, LP*, 294 F.R.D. 429, 540 (C.D. Cal. 2013); *see also BMW of N. Am., Inc. v. Gore,* 517 U.S. 559, 568-69 (1996) ("No one doubts that a State may protect its citizens by prohibiting deceptive trade practices . . . But the States need not, and in fact do not, provide such protection in a uniform manner.").[3]

Moreover, "preliminary averments" are improper and insufficient as a matter of law. Plaintiff would not be permitted to file a complaint alleging that a defendant *may have* violated the law. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Plaintiff's "allegations must be enough to raise a right to relief above the speculative level"). She is required to allege facts that she believes entitle her to relief, and that give Beiersdorf "fair notice" of her claims. *Id*. at 555 (plaintiff must set forth "the grounds of his entitlement to relief"). That standard does not change merely because Plaintiff seeks class certification.

By "preliminarily averring" which state law might apply, Plaintiff seeks to reserve the right to change the class composition and class claims after some

---

[3] Even where statutes are worded *identically* — let alone "similar[ly]" — they may be interpreted in various ways, and, accordingly, materially differ. *Cf. Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2377 (2011) ("Federal and state courts, after all, can and do apply identically worded procedural provisions in widely varying ways. If a State's procedural provision tracks the language of a Federal Rule, but a state court interprets that provision in a manner federal courts have not, then the state court is using a different standard and thus deciding a different issue.").

unspecified discovery period.  Consequently, Beiersdorf has no notice of who it is defending against, what claims it will have to defend against, or information sufficient to research and determine what defenses are available.  Allowing Plaintiff discovery before requiring her to properly plead her claims empowers her to use discovery as an inappropriate fishing expedition, and prevents Beiersdorf from knowing what discovery may be necessary to defend against those eventual claims.

Plaintiff's proposed Multi-State class also is flawed because Plaintiff does not use objective criteria to define the class.  The phrase "states with similar laws" has no definitive meaning, and indeed the parties would certainly offer drastically different interpretations.  *See supra*, n.3.  Beiersdorf and the Court (and perhaps even Plaintiff herself) are left to guess what it means or who it may encompass.  Where a class is defined by such "hopelessly" non-objective criteria, courts routinely hold that class certification is improper.  *See*, *e.g.*, *Conigliaro v. Norwegian Cruise Line Ltd.*, No. 05-21584-CIV, 2006 WL 7346844, at *4 (S.D. Fla. Sept. 1, 2006) (denying class certification where plaintiff's class definition "provides no meaningful standard for determining class membership," and depends on "hopelessly subjective standards [that] yield[] considerable indeterminacy and imprecision"); *Daniel F. v. Blue Shield of Cal.*, No. C 09-2037 PJH, 2014 WL 3907150, at *6 (N.D. Cal. Aug. 11, 2014) (denying class certification because the proposed class was "not ascertainable by reference to objective criteria"); *Xavier v. Philip Morris USA, Inc.*, 787 F. Supp. 2d 1075, 1089 (N.D. Cal. 2011) (denying certification of a class of consumers because membership depended on individuals' subjective estimates rather than objective criteria); *Warnick v. Dish Network LLC*, 301 F.R.D. 551 (D. Colo. 2014) (denying class certification because class membership could not be determined from objective criteria).  For these reasons, Plaintiff's Multi-State Class allegations should be stricken.

### III. VARIATIONS IN APPLICABLE LAW RENDER PLAINTIFF'S PROPOSED MULTI-STATE CLASS UNMANAGEABLE.

Despite Plaintiff's suggestion that she may invoke other state consumer protection statutes, FAC, ¶ 46 n.6, Plaintiff brings her CLRA claim (Count II) on behalf of the entire Multi-State Class, not just California residents. This claim should be stricken as to all non-California consumers in the Multi-State Class, because the CLRA does not apply extra-territorially where, as here, there is no allegation that a defendant took any actions in California besides the sale of its product. *See* FAC, ¶ 12; *Belle v. Chrysler Grp., LLC*, No. SACV 12-00936 JVS, 2013 WL 949484, at *6 (C.D. Cal. Jan. 29, 2013) (dismissing a non-California resident's claim under the CLRA because it was based on conduct occurring outside of California, and "courts routinely dismiss . . . CLRA claims of non-Californians based on extraterritorial conduct"); *Gentges v. Trend Micro Inc.*, No. C 11-5574 SBA, 2012 WL 2792442, at *6 (N.D. Cal. July 9, 2012) ("state and federal courts have concluded that the . . . CLRA do[es] not reach claims of non-California residents arising from conduct occurring entirely outside of California").

Even if the CLRA could theoretically be applied extra-territorially (which it cannot), it is inapplicable here to out-of-state consumers under California's three-step "governmental interest analysis" (which it appears Plaintiff recognizes by "preliminarily aver[ring]" the application of other states' laws). *See Wash. Mut. Bank v. Superior Ct.*, 24 Cal. 4th 906, 919-20 (Cal. 2001) (setting forth choice-of-law test). Under that analysis, a court must determine: (1) whether the foreign state's law "materially differs" from California law; (2) which states have an interest, if any, in having their own law applied; and (3) which state's interests would be "more impaired" if its law was not applied. *Id*.

Plaintiff alleges a violation of the CLRA against a company whose only alleged conduct in California is the sale of its product there. FAC, ¶ 12. Beiersdorf is not alleged to be incorporated in or to have its principal place of business in California.

9

*Id.* Under these circumstances, courts routinely find that the law of the state in which each putative class member purchased the product controls his or her individual claims. *See, e.g., Mazza*, 666 F.3d at 593-94 ("each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place" because "California considers the place of the wrong to be the state where the last event necessary to make the actor liable occurred"); *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97-98 (Cal. 2010) ("a jurisdiction ordinarily has "the predominant interest" in regulating conduct that occurs within its borders") (citations omitted); *Grodzitksy*, No. 2:12-cv-01142-SVW-PLAx, 2014 WL 718431, at *7-10 (California law did not govern consumer protection claims of class members who purchased or leased cars in other states); *Gustafson v. BAC Home Loans Servicing, LP,* 294 F.R.D. 529, 540 (C.D. Cal. 2013) (the laws of foreign states, rather than the laws of California, governed class members' claims because the "place of the wrong has the predominant interest" in applying its law) (citing *Mazza*, 666 F.3d at 593).[4]

---

[4] While Plaintiff has not actually identified which states are encompassed by her Multi-State Class, FAC, ¶ 46, even those consumer protection statutes that she "preliminarily aver[red]" conflict significantly under the first prong of California's test. For example, among the states that Plaintiff identifies, "the required **proof of causation varies greatly**; indeed, some states require *reliance* rather than *causation*." *In re Clorox Consumer Litig.*, 2014 WL 3728469, at *6-10(emphasis added); *id.* at *6-10 (discussing variations in causation and reliance requirements under California, New York, New Jersey, and Florida law); *see also Mazza*, 666 F.3d at 591 ("California also requires named class plaintiffs to demonstrate reliance, while some other states' consumers protection statutes do not") (citing, *inter alia*, Florida, New Jersey, and New York case law). The included state laws also have different **materiality requirements** for consumer protection claims. *Compare, e.g., Nordale, Inc. v. Samsco, Inc.*, 830 F. Supp. 1263, 1272 (D. Minn. 1993) (deception must be "material" to the "buying decisions" of the plaintiff) *with Davis v. Powertel, Inc.*, 776 So. 2d 971, 973-74 (Fla. 1st DCA 2000) (explaining the standard of proof required under Florida's Deceptive and Unfair Trade Practices Act, which does not include materiality). And, they vary with respect to **culpability or scienter requirements**. *Compare Davis*, 776 So. 2d at 974 (plaintiff must show that conduct is "likely to mislead" reasonable consumers), *with Haner v. Quincy Farm Chem., Inc.*, 649 P.2d 828, 831 (Wash. 1982) (plaintiff does not need to show intent "if the action has the capacity to deceive a substantial portion of the purchasing public"), *with Bunting v. Progressive Corp.*, 809 N.E.2d 225, 231 (Ill. App. Ct. 2004) (defendant must "inten[d] that plaintiff rely on the deception") *with Dix v. Am. Bankers Life Assurance Co. of Fla.*, 415 N.W.2d 206, 209 (Mich. 1987) ("a

To certify a class under Rule 23(b)(3), Plaintiff must demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy," which includes consideration of "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).  Where, as here, managing the class action would require application of the substantive laws of multiple states, Plaintiff bears the burden of providing a "manageable trial plan adequate to deal with individualized issues and variances in state law." *Zinser*, 253 F.3d at 1190*; see also Dukes*, 131 S. Ct. at 2551 (Rule 23 creates, but "does not set forth a *mere* pleading standing") (emphasis added).  Plaintiff has not even attempted to plead how the state laws are similar in light of obvious disparities, or how those disparities could possibly be managed.[5]

Accordingly, where, as here, the laws of conflicting consumer fraud statutes must be applied, courts routinely reject certification of such classes because of the numerous differences in state consumer protection laws that make a class action unmanageable.  *See supra*, n.2; *Grodzitksy*, 2014 WL 71843, at *10 (denying class certification where laws of multiple jurisdictions governed class members' claims); *Marsh v. First Bank of Del.*, No. 11-cv-05226-WHO, 2014 WL 2085199, at *8 (N.D. Cal. May 19, 2014) (refusing to certify a class where the laws of multiple jurisdictions would apply); *Consumers' Action Network v. Sprint Solutions, Inc.*, 259 F.R.D. 484,

---

defendant's intent to deceive through a pattern of misrepresentations can be shown on a representative basis").  Even if liability could be established, the included state laws materially differ with respect to the **remedies available**.  *See Mazza*, 666 F.3d at 591 ("[t]he remedies permitted by other states vary and may depend on the willfulness of defendant's conduct").  For example, under the CLRA, a plaintiff can recover actual damages, an injunction, restitution, punitive damages and "any other relief the court deems proper." Cal. Civ. Code § 1780 (a)(1)-(5) (2014).  In contrast, New Jersey law requires treble damages and attorney's fees.  N.J. Stat. Ann. § 56:8-19 (2014).

Beiersdorf reserves the right to fully brief these and the several other disparities between the laws plaintiff identifies.

[5] And, as noted above, Beiersdorf does not concede that the mere "similar[ity]" of state statutes is sufficient to overcome material differences that result from their varying interpretations by different courts.  *See supra*, n.3.

487-88 (S.D. Cal. 2009) ("The application of several state laws to one action would make the trial exceedingly complex. Instructing a jury on varying standards and legal theories is not as simple as plaintiffs suggest."); *In re Bridgestone/Firestone, Inc.*, 288 F.3d 1012, 1018 (7th Cir. 2002) ("State consumer-protection laws vary considerably, and courts must respect these differences rather than apply one state's laws to sales in other states with different rules."); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 674 (7th Cir. 2001); *Pilgrim v. Universal Health Card LLC,* 660 F.3d 943, 949 (6th Cir. 2011) (affirming judgment denying class certification where class claims "would be measured by the legal requirements of different state laws"); *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 741-44, 749-50 (5th Cir. 1996) ("The complexity of the choice of law inquiry . . . makes individual adjudication superior to class treatment"); *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119-22 (8th Cir. 2005).[6]

Because Plaintiff does not, and cannot, resolve the material conflicts of law among the states she has "preliminarily" identified, if those are even the state laws she believes are "similar" to those of California, her Multi-State Class allegations (¶¶ 46 through 55 (and ¶¶ 65 through 77 as to out-of-state consumers)) should be stricken.

---

[6] *See also, e.g., Mazza*, 666 F.3d at 596 ("Because the law of multiple jurisdictions applies here to any nationwide class of purchasers . . . variances in state law overwhelm common issues and preclude predominance for a single nationwide class"); *Zinser*, 253 F.3d at 1189-90 (affirming denial of certification for lack of manageability because "[t]he complexity of the trial would be further exacerbated to the extent that the law of forty-eight states must be consulted"); *Route v. Mead Johnson Nutrition Co.*, No. CV 12-7350-GW(JEMx), 2013 WL 658251, at *9 (C.D. Cal. Feb. 21, 2013) (explaining that court may grant motion to strike Plaintiff's multi-state consumer class because "the Court cannot see how Plaintiff could ever demonstrate that, according to California's choice of law rules as set forth in *Mazza*, . . . a nationwide class could be certified" where California's only interest was in product sales to California residents); *Schwartz v. Lights of Am.,* No. 11-1712, 2012 WL 4497398, at *5-6 (C.D. Cal. Aug. 31, 2012) (finding significant conflicts between state consumer protection laws, including with regard to private right of action, *scienter*, reliance or causation, scope, and remedies, rendering class certification unmanageable and improper); *Grayson*, 2011 WL 2414378, at *5 (decertifying class because plaintiffs failed "to offer any analysis of state law variations regarding their claims to establish this case could be managed in a practical manner").

## CONCLUSION

Because it is facially apparent from her Complaint that (1) membership in the proposed class is not ascertainable, (2) the class definition is flawed because it does not actually provide notice of the states in which consumers were required to purchase the Lotion for class membership, and (3) conflicts of law will make a multi-state class action unmanageable, Plaintiff's proposed classes cannot be certified under Rule 23 and her class allegations (¶¶ 46 through 55 and, to the extent asserted on behalf of the Multi-State Class, ¶¶ 65 through 77) should be stricken from her Complaint.

DATED: December 8, 2014                     SIDLEY AUSTIN LLP


By: */s/ **Alycia A. Degen***
Alycia A. Degen (SBN 211350)
adegen@sidley.com
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile:  (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

*Attorneys for Defendant*

---

13

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS - CASE NO. 14-CV-02241

# CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM

The undersigned certifies that on **December 8, 2014**, a true and correct copy of the following document was electronically filed and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM-ECF system:

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Any other counsel of record will be served by electronic mail and U.S. mail.

                    */s/ Alycia A. Degen*
                    Alycia A. Degen
                    *Attorney for Defendant*