BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Patricia N. Syverson (CA SBN 203111)
Manfred P. Muecke (CA SBN 222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Elaine A. Ryan (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
Telephone: (602) 274-1100

BOODELL & DOMANSKIS, LLC
Stewart M. Weltman (*Admitted Pro Hac Vice*)
Max A. Stein (*Admitted Pro Hac Vice*)
One North Franklin, Suite 1200
Chicago, IL 60606
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone: (312) 938-1670

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRANZ, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BEIERSDORF, INC., a Delaware corporation,<br><br>Defendant. | Case No.:  14cv2241-L-AGS<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. VIOLATION OF THE UNFAIR COMPETITION LAW, Business and Professions Code §17200 *et seq.* |

- 1 -
SECOND AMENDED CLASS ACTION COMPLAINT

Plaintiff Ashley Franz brings this action on behalf of herself and all others similarly situated against Defendant Beiersdorf, Inc. and states:

## NATURE OF ACTION

1. Defendant manufactures, markets, sells and distributes NIVEA Skin Firming Hydration Body Lotion with CoQ10 Plus formulated with Co-Enzyme Q10 and Hydra-IQ ("NIVEA CoQ10 Lotion"). Defendant launched NIVEA CoQ10 Lotion in 2010. NIVEA CoQ10 Lotion is sold online and in virtually every major food, drug, and mass retail outlet in the country.

2. On the front of each and every NIVEA CoQ10 Lotion bottle, where consumers cannot miss it, Defendant represents that the Product "improves skin firmness within 2 weeks".[1] Defendant affirmatively represents on every bottle that the Product is "proven to firm and tighten skin's surface in as little as two weeks" (collectively, the "skin firming representations").

3. As more fully set forth below, Plaintiff brings this action on behalf of herself and other similarly situated California consumers who have purchased NIVEA CoQ10 Lotion under the "unlawful" prong of the UCL. Plaintiff seeks to halt Defendant's unlawful sale of an illegal and misbranded drug in violation of applicable federal law and regulations and California's Sherman Act and also seeks full restitution of Plaintiff's and other California consumers' full purchase price.[2]

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2). The matter in controversy, exclusive of interest and costs, exceeds the sum or value

---

[1] Recently, Defendant changed the front label from "improves skin firmness within 2 weeks" to "improves skin firmness in as little as two weeks."
[2] Plaintiff originally pled falsity allegations with regard to Defendant's proven skin benefit representations. The Court dismissed these with prejudice as being lack of substantiation claims. This or a similar issue regarding proven or level of proof claims is currently on appeal before the Ninth Circuit in *Kwan v. SanMedica Int'l, LLC* and *Engel v. Novex Biotech LLC*.

of $5,000,000 and is a class action in which there are in excess of 100 class members and Class members are citizens of a state different from Defendant.

5. This Court has personal jurisdiction over Defendant because Defendant is authorized to conduct and does conduct business in California. Defendant has marketed, promoted, distributed, and sold NIVEA CoQ10 Lotion in California and Defendant has sufficient minimum contacts with this State and/or sufficiently avails itself of the markets in this State through its promotion, sales, distribution and marketing within this State to render the exercise of jurisdiction by this Court permissible.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a) and (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred while she resided in this judicial district. Venue is also proper under 18 U.S.C. §1965(a) because Defendant transacts substantial business in this District.

**PARTIES**

7. Plaintiff Ashley Franz is a citizen of California and resides in San Diego, California. In approximately the summer of 2012, Plaintiff purchased NIVEA CoQ10 Lotion from a CVS store in San Diego, California. She paid approximately $10.00 for the NIVEA CoQ10 Lotion. Had Plaintiff known that NIVEA CoQ10 Lotion was an illegal and misbranded drug, she would not have purchased it. As a result, Plaintiff suffered injury in fact and lost money.

8. Defendant Beiersdof, Inc. is a Delaware corporation with its principal place of business in Wilton, Connecticut. Beiersdof, Inc. manufactures, distributes, markets and sells NIVEA CoQ10 Lotion and created the skin firming representations, which it caused to be disseminated to consumers in California.

**FACTUAL ALLEGATIONS**

9. Defendant's skin firming representations appear prominently and conspicuously, and almost exclusively on the front of each bottle as follows:



10. The back panel of each NIVEA CoQ10 Lotion repeats the skin firming representations, claiming that the Product is "proven to firm and tighten skin's surface in as little as two weeks":[3]

---

[3] The former label used during most of the class period is attached as Exhibit A.

- 3 -
SECOND AMENDED CLASS ACTION COMPLAINT



11. An over-the-counter lotion can be a drug, a cosmetic, or a combination of both. 21 U.S.C. §359 (the categories of "drug" and "cosmetic" are not mutually exclusive).

12. The federal Food, Drug, and Cosmetics Act ("FDCA") (21 U.S.C. §§301, et. seq.) defines cosmetics as "articles intended to be rubbed, poured, sprinkled, or sprayed on, introduced into, or otherwise applied to the human body...for cleansing, beautifying, promoting attractiveness, or altering the appearance." 21 U.S.C. §321(i). NIVEA CoQ10 Lotion is a cosmetic.

13. A cosmetic is also a drug if it is "intended to affect the structure or any function of the body of man". 21 U.S.C. § 321(g)(1).

14. California's Sherman Food, Drug, and Cosmetic Law ("Sherman FD&C") (California's Health & Safety Code §§109875, et. seq.) parallels the FDCA in material part and adopts all nonprescription drug regulations.

15. Like the FDCA, the Sherman FD&C defines a drug as "Any article other than food, that is used or intended to affect the structure or any function of the body of human beings." Cal. Health & Safety Code § 109925(c).

16. The FDA has found that products "intended to affect the structure or function of the body, such as the skin are drugs . . . even if they affect the appearance. So, if a product is intended, for example, to remove wrinkles or increase the skin's production of collagen, it's a drug or a medical device." Wrinkle Treatments and Other Anti-aging Products, *available at* http://www.fda.gov/Cosmetics/ProductsIngredients/Products/ucm388826.htm; *see also* FDA's October 5, 2012 Warning Letter to Avon Products, Inc., *available at* http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2012/ucm323738.htm. By making the skin firming and tightening representations, the NIVEA CoQ10 Lotion is a new drug as defined in 21 U.S.C. § 321(p) and Cal. Health & Safety Code § 109980(a).

17. Thus, NIVEA CoQ10 Lotion is both a cosmetic (moisturizer) and a drug (skin firming and toning) under the FDCA and the parallel Sherman FD&C.

18. Under the FDCA and California's Sherman FD&C laws, Defendant may not sell NIVEA CoQ10 Lotion with the skin firming representations unless it has an approved New Drug Application ("NDA"). 21 U.S.C. § 355(a); Cal. Health & Safety Code § 111550. Defendant does not have an approved NDA for NIVEA CoQ10 Lotion.

19. By selling NIVEA CoQ10 Lotion without subjecting the Product to the

FDA NDA process to obtain FDA approval to sell this drug, Defendant has violated the FDCA and parallel Sherman FD&C.

20. The NIVEA CoQ10 Lotion label also violates the FDCA and Sherman FD&C ingredient labeling requirements for drugs. The drug ingredients must be listed alphabetically as "Active Ingredients," followed by cosmetic ingredients, listed in descending order of predominance as "Inactive Ingredients." *See* 21 C.F.R. §201.66. The ingredients found on the back of the Product label are not listed in the required order.

## CLASS DEFINITION AND ALLEGATIONS

21. Plaintiff brings this action on behalf of herself and all other similarly situated California consumers pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and seeks certification of the following Class:

> All consumers who, within the applicable statute of limitations period, purchased NIVEA CoQ10 Lotion in California.
>
> Excluded from this Class are Defendant and its officers, directors and employees and those who purchased NIVEA CoQ10 Lotion for the purpose of resale.

22. **Numerosity.** The members of the Class are so numerous that joinder of all members of the Class is impracticable. Plaintiff is informed and believes that the proposed Class contains thousands of purchasers of NIVEA CoQ10 Lotion who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

23. **Existence and Predominance of Common Questions of Law and Fact**. This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

(a) whether Defendant engaged in the unlawful sale of an illegal drug in violation of the FDCA and California's Sherman FD&C laws;

(b) whether the alleged conduct constitutes violations of the UCL; and

(c) whether Plaintiff and Class members are entitled to restitution.

24. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class because, *inter alia,* all Class members were injured through the uniform misconduct described. Plaintiff is advancing the same claim and legal theories on behalf of herself and all members of the Class.

25. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously. Plaintiff has no adverse or antagonistic interests to those of the Class.

26. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for Plaintiff and Class members, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

27. Unless a Class is certified, Defendant will retain monies received as a result of its conduct that were illegally taken from Plaintiff and Class members.

## COUNT I
### Violation of Business & Professions Code §17200, *et seq.*
### Unlawful Business Acts and Practices

28. Plaintiff repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

29. Plaintiff brings this claim individually and on behalf of the California Class.

30. The Unfair Competition Law, Business & Professions Code §17200, *et seq*. ("UCL"), prohibits any "unlawful" business act or practice.

31. As alleged herein, Defendant engaged in illegal conduct by unlawfully making skin firming representations about its NIVEA CoQ10 Lotion that resulted in its being deemed a drug under FDA regulations, but did so without obtaining required FDA approval through the FDA NDA process. Defendant also failed to list the NIVEA CoQ10 ingredients in the proper order as required by federal regulation. Defendant committed unlawful business practices by violating California's Sherman Food, Drug and Cosmetic Law, California's Health & Safety Code §§ 109875 *et seq*. and the Food Drug and Cosmetic Act, 21 U.S.C. §§ 301, *et seq*. Plaintiff and the California Class reserve the right to allege other violations of law, which constitute other unlawful business acts or practices. Such conduct is ongoing and continues to this date.

32. Plaintiff and the California Class suffered "injury in fact"/economic loss by spending money on a product that, but for Defendant's illegal conduct, would not have been on the market.

33. The NDA process and the FDA and Sherman Act misbranding/consumer protections are intended to ensure that if the consuming

public (e.g., Plaintiff and the Class) are sold a product that is a drug as defined under the FDA law and regulations, that it will have been put through the rigorous NDA approval process to ensure that it is safe and effective.

34. The UCL unlawful prong is intended to hold Defendants who engage in unlawful conduct accountable for their violations by, among other things, paying full compensation to consumers who have purchased such illegally sold products.

35. But for Defendant illegally selling its NIVEA CoQ10 Lotion when it was an unapproved and misbranded drug and illegally placing it in the market for sale to the public, Plaintiff and the Class would never have purchased this illegal Product. As result of Defendant's illegal conduct, Plaintiff and the Class have suffered injury/economic loss and are entitled to a full refund of their purchase price.

36. Plaintiff, on behalf of herself, all other similarly situated California consumers, and the general public, seeks restitution of all money they paid for Defendant's illegally sold Product, consistent with Business & Professions Code §17203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for a judgment:

A. Certifying the Class as requested herein;

B. Awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

C. Awarding attorneys' fees and costs pursuant to Cal. Civ. Proc. Code § 1021.5; and

D. Providing such further relief as may be just and proper.

/ / /

/ / /

/ / /

- 9 -
SECOND AMENDED CLASS ACTION COMPLAINT

Dated: October 6, 2016

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

*/s/Patricia N. Syverson*
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
PATRICIA N. SYVERSON (CA SBN 203111)
MANFRED P. MUECKE (CA SBN 222893)
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
mmuecke@bffb.com
Telephone: (619) 798-4593

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ELAINE A. RYAN (*Admitted Pro Hac Vice*)
2325 E. Camelback Rd. Suite 300
Phoenix, AZ 85016
eryan@bffb.com
Telephone: (602) 274-1100

BOODELL & DOMANSKIS, LLC
STEWART M. WELTMAN (*Admitted Pro Hac Vice*)
MAX A. STEIN (*Admitted Pro Hac Vice*)
One North Franklin, Suite 1200
Chicago, IL 60606
sweltman@boodlaw.com
mstein@boodlaw.com
Telephone: (312) 938-1670

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2016, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the e-mail address denoted on the electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice list.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2016 at San Diego, California

*/s/ Patricia N. Syverson*
Patricia N. Syverson (203111)
BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
600 W. Broadway, Suite 900
San Diego, California 92101
psyverson@bffb.com
Telephone: (619) 798-4593