Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 California Street, 20th Floor
San Francisco, CA 94104
Telephone:  (415) 772-1200
Facsimile:   (415) 772-7400

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
Telephone:  (312) 853-7000
Facsimile:   (312) 853-7036

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHLEY FRANZ, On Behalf of Herself and All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BEIERSDORF, INC. a Delaware Corporation,<br><br>　　　　Defendant. | Case No. 3:14-cv-02241-LAB-RBB<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge:　Hon. Larry A. Burns<br>Date:　December 5, 2016<br>Time:　11:30 a.m.<br>Place:　Courtroom 14A (14th Fl.)<br><br>*Oral Argument Requested<br><br>DEMAND FOR JURY TRIAL |

**TABLE OF CONTENTS**

Page

BACKGROUND ........................................................................................................1

I.  PLAINTIFF'S SECOND AMENDED COMPLAINT DOES NOT
    SATISFY RULES 8 OR 9(b). ...........................................................................3

    A. Legal Standard................................................................................................3

    B. Plaintiff Fails To Plausibly Allege That The Lotion Is A Drug........................4

        1. FDA Guidance Does Not Move Plaintiff's Claim From Possible
           To Plausible ...............................................................................................4

        2. Case Law Does Not Move Plaintiff's Claim From Possible To
           Plausible. ...................................................................................................7

CONCLUSION..........................................................................................................8

i

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S CORRECTED FIRST AMENDED COMPLAINT - Case No. 3:14-cv-02241-LAB-RBB

Plaintiff's Second Amended Complaint is based solely on the premise that Defendant's NIVEA Skin Firming Hydration Body Lotion with CoQ10 Plus (the "Lotion") is a drug. According to Plaintiff, because the Lotion label makes statements about improving firmness and tightening the skin's surface, the Lotion is not only a *cosmetic* (as it is currently sold), but also a *drug* that is "misbranded" and "illegal" because it has not been approved by the U.S. Food and Drug Administration ("FDA") (Second Amended Complaint ("SAC") [Dkt. 46] at ¶¶ 2-3). In particular, the SAC challenges the label statements that the Lotion "improves skin firmness within 2 weeks," and that the Lotion is "proven to firm and tighten skin's surface in as little as two weeks" (collectively referred to as the "skin-firming representations") (*id.* at ¶¶ 2, 10). Because Plaintiff has no factual or legal support whatsoever for her theory, and therefore fails to establish the required plausibility for her claims, this Court should dismiss the SAC in its entirety.

## BACKGROUND

On November 13, 2014, Plaintiff filed her Corrected First Amended Complaint ("FAC") [Dkt. 19], which made two claims: (1) the Lotion's skin-firming representations were false and misleading because they were not supported by "reliable scientific evidence" (which Plaintiff defined as published, randomized, placebo-controlled, clinical trials subject to peer review) (*id.* at ¶¶ 13-26, Count II (violation of the Consumer Legal Remedies Act)); and (2) the Lotion is not only a cosmetic but also a drug, which cannot be sold without an FDA-approved New Drug Application ("NDA") (*id.* at ¶¶ 27-38, Count I (Violation of Business & Professions Code, UCL)). Plaintiff sought monetary and injunctive relief on behalf of a multi-state class (*id.* at ¶ 46 and p. 20).

Defendant filed a Motion to Dismiss the FAC, on the grounds that (1) Plaintiff had not sufficiently alleged an actionable misrepresentation; and (2) the UCL cosmetic/drug classification claim should be dismissed or stayed based on the primary jurisdiction doctrine [Dkt. 22]. The Court agreed with Defendant, finding, first, that

Plaintiff failed to state a cognizable claim for misrepresentation because she alleged only that the skin-firming representations lacked substantiation, not that they were actually false (Order [Dkt. 34] at 4-5).  The Court granted Plaintiff leave to re-plead her misrepresentation claim if she could adequately allege actual falsity (*id.* at 9).  The Court also agreed that the FDA had primary jurisdiction to determine whether the Lotion was a drug or a cosmetic (*id.* at 7).

Plaintiff did not re-plead her misrepresentation claim.  As to her cosmetic/drug classification claim, on September 16, 2015, Plaintiff filed a "Citizen Petition" with the FDA asking the FDA to commence the warning letter process with regard to the Lotion on the ground that it is a drug that requires approval of an NDA, or, alternatively, inform Plaintiff that it did not intend to take any action regarding the Lotion (*see* Plaintiff's Supplemental Report Regarding Order Staying Plaintiff's UCL Claims and Request for Telephonic Status Conference [Dkt. 37]).  On March 14, 2016, Plaintiff received notification from the FDA indicating that it did not intend to take action regarding the Lotion [Dkt. 37, 37-1], and further noting that enforcement action is decided on a case-by-case basis and is within the discretion of the agency [*id.*].  On October 3, 2016, in light of the FDA's notification, this Court granted Plaintiff's motion for leave to file her Second Amended Complaint [Dkt. 45].

In her Second Amended Complaint, Plaintiff has dropped all allegations other than the allegation that the Lotion is an unapproved drug.  Without citing any guidance or statement from the FDA concluding that skin-firming statements make the Lotion not only a cosmetic but also a drug, Plaintiff alleges that Defendant violated the Federal Food, Drug, and Cosmetic Act ("FDCA") and California's Sherman Act by selling the Lotion without obtaining an approved NDA.  Although she made different reliance allegations in her earlier Complaint,[1] she now claims that

---

[1] In her Corrected First Amended Complaint ("FAC"), Plaintiff claimed that she purchased the Lotion "in reliance on Defendant's skin firming representations" and paid a "substantial premium" because of those representations (FAC [Dkt. 19] at ¶ 11).  In the FAC, she did not allege, as she does now, that she would not have purchased the product had she known that it was an unapproved drug.

she would not have purchased the Lotion (which she purchased for $10 at a San Diego CVS) had she known it was an "illegal and misbranded drug" (SAC ¶ 7). Plaintiff asserts only one count: an Unfair Competition Law ("UCL") claim based on the "unlawful" prong of that statute (*id.* ¶¶ 28-36). Plaintiff seeks damages on behalf of a California class of consumers who purchased the Lotion (*id.* ¶¶ 21, 33-34, p. 9).

## I. PLAINTIFF'S SECOND AMENDED COMPLAINT DOES NOT SATISFY RULES 8 OR 9(b).

### A. Legal Standard

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter to 'state a claim to relief that is *plausible* on its face.'" *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 784 (9th Cir. 2012) (emphasis added) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Plausibility requires that the allegations, taken as true, be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 559 (2007); Fed. R. Civ. P. 8. That standard "asks for more than a sheer *possibility* that a defendant has acted unlawfully." *Ashcroft v Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement.") (internal quotation marks omitted).

"Mere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient." *Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Thus, a court discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Chavez*, 683 F.3d at 1108; *Timmons v. Linvatec Corp.*, 263 F.R.D. 582, 584 (C.D. Cal. 2010). Where "the well-pleaded facts do not permit the court to infer more than the mere *possibility* of misconduct," the complaint should be dismissed. *Iqbal*, 556 U.S. at 679 (emphasis added).

### B.     Plaintiff Fails To Plausibly Allege That The Lotion Is A Drug.

Plaintiff does not dispute that the Lotion is a cosmetic (SAC ¶ 12). Plaintiff alleges that the Lotion is *also* a drug (*id.* ¶17). Plaintiff, however, provides no support that would move this claim – the entire basis of her Complaint – from possible to plausible, as required under *Iqbal* and *Twombly*. Indeed, FDA's stated positions and the case law actually undermine her claim.

### 1.     FDA Guidance Does Not Move Plaintiff's Claim From Possible To Plausible.

Plaintiff has cited to no guidance or regulation from the FDA (or any regulatory agency) concluding that "firming" claims such as ones made on the label of the Lotion are drug claims. The fact that the FDA has found products intended "to remove wrinkles or increase the skin's production of collagen" to be drugs (SAC, ¶ 16), says nothing about the Lotion, which makes no representations about wrinkles or increasing production of collagen. *See Hutt, et al.*, <u>Food and Drug Law</u>, 4th ed. 2014, 114-15 (" a product that claims to improve or maintain temporarily the appearance or the feel of the skin" is a cosmetic, not a drugs) (quoting *Letter From John M. Taylor, FDA Associate Commissioner for Regulatory Affairs, to Various Attorneys Representing the Cosmetic Industry,* Nov. 19, 1987 ("Taylor Letter"), and explaining that the "letter represents the agency's view of the line between separating cosmetics from cosmetic drugs to the current day"). The Taylor Letter states that "claims that a product 'counteracts,' 'retards,' or 'controls' aging or the aging process, as well as claims that a product will 'rejuvenate,' 'repair,' or 'renew' the skin are drug claims because they can be fairly understood as claims that a function of the body, or that the structure of the body, will be affected by the product." *Id.* The Taylor Letter goes on to note, however, in no uncertain terms, that "a product that claims to moisturize or soften the skin is a cosmetic." *Id.*

This interpretation has been most recently reiterated in FDA's guidance for Alpha Hydroxy Acids ("AHA") used in both cosmetics and drugs. *See* Request for

4

Judicial Notice ("RJN"), Exhibit A (*Alpha Hydroxy Acids*, available at http://www.fda.gov/cosmetics/productsingredients/ingredients/ucm107940.htm (last visited Oct. 21, 2016)).  In that guidance, FDA notes that AHAs are cosmetics when intended for "smoothing fine lines and surface wrinkles, improving skin texture and tone, unblocking and cleansing pores, and improving skin condition," but are considered drugs when marketed for "treating acne, removing scars, and lightening discolorations." *Id.*

It is clear that the FDA's interpretation of the FDCA is starkly at odds with Plaintiff's theory.  Plaintiff's theory appears to be that a skin-firming claim is a claim to affect the structure of function of the body, and therefore a product making a firming claim is a drug.  But the FDA has clearly stated that a product that moisturizes or softens the skin (which also affects the structure or function of the body) is a cosmetic, so the very product that the FDA says is a cosmetic would be a drug if Plaintiff's theory were correct.  The theory underlying Plaintiff's SAC cannot be correct.

To be sure, Plaintiff cites to *one* 2012 Warning Letter sent by the FDA to Avon, but that Warning Letter was concerned with Avon's use of "wrinkle" claims – which have no relation to the language used on the label of the Lotion.  *See* RJN Ex. B.  The FDA issued the Warning Letter to Avon because its products were making claims such as:

- "The at-home answer to wrinkle-filling injections.  Start rebuilding collagen in just 48 hours."
- "4D WRINKLE-REVERSE TECHNOLOGY IS DESIGNED TO: Rebuild collagen to help plump out lines and wrinkles.  Stimulate elastin to help improve elasticity and resilience.  Regenerate hydroproteins to help visibly minimize creasing."
- "Formulated to boost shock-absorbing proteins to help strength skin's support layers."

5

- "Improve fine & deep wrinkles up to 50%. Immediately plumps out wrinkles and fine lines. Within 48 hours begins boosting collagen production."
- "Designed to boost Activitn, ANEW's Activinol Technoloyg helps reactivitate skin's repair process to recreate fresh skin & help dramatically reverse vsisible wrinkles."
- "Help tighten the connections between skin's layers."
- "Formulated with pomegranate and fennel extracts to help boost production of collagen and elastin."

*Id.*

The Lotion is distinguishable from these products because it is a firming lotion—it does not purport to remove wrinkles, improve elasticity and resilience, or boost collagen production. The only "skin firming" statement that Avon made was "Our effective lifting treatment is formulated to fortify damaged tissue with new collagen. In just 3 days, see tighter, firmer, more lifted skin." This statement is much more aggressive than the Lotion's skin-firming representations in that it is accompanied by a claim about "fortify[ing] damaged tissue with new collagen." In short, the one document Plaintiff puts forth to support her theory –the FDA warning letter to Avon – has nothing to do with this case.

Moreover, Plaintiff has not alleged that FDA has issued a monograph or guidance regarding the classification of products that make skin-firming claims like those made on the Lotion. To the contrary, the FDA advised that a product is not a drug if it claims "to make lines and wrinkles *less noticeable*" (*See* RJN Ex. C, FDA, *Wrinkle Treatments and Other Anti-Aging Products*, available at http://www.fda.gov/Cosmetics/ProductsIngredients/Products /ucm388826.htm (updated July 2, 2014) (emphasis added)), but is a drug if it claims to "*remove* wrinkles or increase the skin's production of collagen*,*" *id.* (emphasis added). Plaintiff provides absolutely no support for her claims other than her own speculation

as to how FDA might view the statements. Because her speculation cannot take her claim from possible to plausible, it must be dismissed.

### 2. Case Law Does Not Move Plaintiff's Claim From Possible To Plausible.

Plaintiff does not cite to any case law concluding that "firming" claims such as the ones made on the label of the Lotion are drug claims. To the contrary, at least one District Court has found that claims of skin firming and tightening (along with additional claims that the Lotion does not make) are clearly intended to be understood as cosmetic claims related to "altering the appearance," and are *not* representations "that the product will affect the structure of the body in some medical-or drug-type fashion." *U.S. v. An Article . . . "Helene Curtis Magic Secret,"* 331 F. Supp. 912, 917 (D. Md. 1971).

In *Helene Curtis*, the court confronted a product called Magic Secret making the following claims: "pure protein," "smoothes away wrinkles in minutes, keeps them way for hours," "dramatic power to smooth away crowsfeet, puffy undereye circles, laugh, frown, and throat lines in just minutes," "see how smooth and young looking your skin can become," "skin should respond fully to Magic Secret's dramatic action," "does indeed firm the skin to smoother, younger-looking loveliness," "astringent sensation . . . indicating that the lotion is gently firming and toning your skin," "tightening and moisturizing tired skin," and "skin quickly responds to Magic Secret's dramatic astringent activity." 331 F. Supp. at 915.

Even in light of these claims – which were much more aggressive than the claims Plaintiff is challenging here – the court held that Magic Secret was a cosmetic and not a drug because "even the 'ignorant, unthinking and credulous' consumer would not be led . . . to believe that 'Magic Secret" would do other than alter their appearance." *Id.* at 917. Here, by comparison, Defendant is alleged to have made only *one* of the many claims made about the Magic Secret, and it cannot be said that the ignorant, unthinking, and credulous consumer in 2012 (when Franz said she

7

bought the product) would plausibly believe the Lotion would do anything other than alter the appearance of skin. Indeed, taking Plaintiff's allegations as true, it appears that even she believed the Lotion was a cosmetic when she bought it. She alleges that, had she known it was a drug, she would not have bought it (SAC ¶ 7), which implies that even she understood the product to be making cosmetic claims.

## CONCLUSION

For the foregoing reasons, Defendant requests that the Court dismiss Plaintiff's Corrected First Amended Complaint pursuant to Fed. R. Civ. P. 8 and 12(b)(6).

Dated: October 24, 2016     SIDLEY AUSTIN LLP


By: */s/ Alycia A. Degen*
Alycia A. Degen
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
(213) 896-6682
(213) 896-6600 (fax)
adegen@sidley.com

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 S. Dearborn Street
Chicago, IL 60603
(312) 853-7000
(312) 853-7036 (fax)

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM

The undersigned certifies that on **October 24, 2016**, a true and correct copy of the following document was electronically filed and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM-ECF system:

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. Any other counsel of record will be served by electronic mail and U.S. mail.

　　　　　　　　　　　　　　　　　　　　_/s/ Alycia Degen_
　　　　　　　　　　　　　　　　　　　　Alycia Degen
　　　　　　　　　　　　　　　　　　　　*Counsel for Defendant*