# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ASHLEY FRANZ, | CASE NO. 14cv2241-LAB (RBB) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER OF DISMISSAL** |
| BEIERSDORF, INC., | |
| Defendant. | |

Five years ago, Ashley Franz purchased a $10 bottle of Nivea's Skin Firming Hydration Body Lotion from a CVS in San Diego. She spent an extra $4 on this Lotion because she believed the claim on the bottle: "Improves Skin's Firmness in as little as 2 weeks." When the Lotion didn't firm her skin as advertised, she filed a class action against Beiersdorf, Inc. ("Nivea") for false advertising and for selling an unapproved drug.

About a year ago, the Court dismissed Franz's false advertising claim, and found the FDA had primary jurisdiction to decide if the Lotion was a drug. The Court stayed the case to allow Franz to petition the FDA to take enforcement action against Nivea for making skin-firming claims that Franz maintains makes the Lotion a drug that requires FDA approval. The FDA declined to take any action.

Franz filed a second amended complaint based on a single claim: Nivea is engaged in unfair competition because it's selling the Lotion as an unapproved drug. Nivea moved to dismiss. Because the Court lacks jurisdiction, it dismisses the complaint.

**1. Standing**

Franz must establish standing by plausibly alleging that she's suffered an "injury in fact," that has a "causal connection" with "the conduct complained of," and that will likely be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). And Franz must show she "lost money or property because of *reliance* on an allegedly unlawful practice, in order to establish standing for UCL unlawfulness claims." *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1145 (N.D. Cal. 2013) (emphasis added) (dismissing unfair competition claims with prejudice for failure to allege reliance). Franz hasn't plausibly alleged the causation or reliance necessary to establish standing.

At first, Franz's basis for standing made sense. The Lotion didn't firm her skin, so Nivea injured her because she "would not have purchased the Product had she known that Defendants' skin firming representations were false and misleading."[1] Then Franz filed an amended complaint, and the link between her injury and Nivea's conduct became more attenuated: she dropped her claim that the Lotion didn't work, and instead, explained that she was injured because the Lotion claims it's "proven" to firm skin, "when, in fact, it is not proven to firm or tighten skin."[2]

Now Franz has taken a different tack. Her second amended complaint suggests two theories for standing. First, Nivea caused her harm because had she known the Lotion "was an illegal and misbranded drug, she would not have purchased it." Second, Nivea caused her harm because she never should have been able to purchase the Lotion at all—if Nivea had followed the rules, the Lotion wouldn't "have been on the market."[3] These "bare bones words and phrases" are "insufficient to establish standing or to survive a motion to dismiss." *Perez v. Nidek Co.*, 711 F.3d 1109, 1113 (9th Cir. 2013).

Both of Franz's standing theories rely on a basic syllogism: Under the FDCA, an article "intended to affect the structure or any function of the body" is a drug that requires

---

[1] Dkt. 1 at ¶¶ 8, 29.

[2] Dkt. 19 at ¶¶ 5, 42, 71, 74.

[3] Dkt. 46 at ¶¶ 2, 32, 35. Franz also says Nivea's at fault for listing the ingredients in the wrong order. She hasn't plausibly alleged how she was harmed by this conduct either.

agency approval. The Lotion is intended to affect the structure of the body by firming skin, but it hasn't been approved as a new drug. Ergo, the Lotion is illegally sold as an unapproved drug. Accepting that argument as correct, Franz still hasn't plausibly pled causation necessary to establish standing.

First, she maintains that if she knew the Lotion "was an illegal and misbranded drug, she would not have purchased it." Franz appears to suggest that she read the skin-firming claims on the Lotion, considered them as indicating that the Lotion was a drug, relied on Nivea having obtained FDA approval for the Lotion, and later, she found out the Lotion was never approved as a new drug. She didn't plead any of those facts.

Even if she had, the allegations are implausible. If Franz was a Nivea competitor selling a similar skin-firming lotion, but had spent extra time and money obtaining FDA approval for her rival lotion so that she could make skin-firming claims, *then* the Court would have no problem implying a causal connection. The Court could also understand Franz's claim if the Lotion said "FDA approved"—but it wasn't—and she broke out in a bad rash when she applied the Lotion. But here, Franz hasn't shown there's a plausible "causal connection" between her decision to buy and the "conduct complained of"—namely, Nivea's decision to sell the Lotion as a cosmetic, rather than obtaining approval to sell it as a drug.

Second, Franz says she "lost money on a product that, but for Defendant's illegal conduct, would not have been on the market." That doesn't follow. Franz seems to suggest that had Nivea consulted the FDA, the agency would have found the Lotion was a drug, and, would have refused to allow Nivea to sell it. But Franz petitioned the FDA to make those very findings and it decided not to take action. More important, that explanation doesn't plausibly allege causation or reliance. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011) (UCL provision that "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition" requires showing reliance).

**2. Amount in controversy**

Even if Franz has standing, she hasn't plausibly alleged that the amount in controversy is enough for the Court to exercise jurisdiction over her state law claim under the

Class Action Fairness Act. The Court is "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." *Mt. Healthy v. Doyle*, 429 U.S. 274, 278 (1977). Franz says the amount in controversy "exceeds the sum or value of $5,000,000" and that she believes there may be "thousands" of California consumers that were damaged by Nivea selling this Lotion.[4]

Franz can rely on a good faith allegation of the amount at stake, but to "survive a motion to dismiss," it must still be "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Franz is no longer asking for an injunction or certification of a nationwide class. Instead, she's only asking for restitution of the "full purchase price" of the Lotion–$10. She believes the class of California consumers may contain "thousands of purchasers," but Franz needs to allege that roughly *500,000* purchasers each suffered $10 injuries to get to $5 million.[5] Even including attorney fees (which, it seems this case is really about), Franz hasn't provided the Court plausible facts from which it could infer that this sum of money is on the table.

\* \* \*

The Court "may exercise its discretion to deny leave to amend due to undue delay" "repeated failure to cure deficiencies by amendments previously allowed" as well as "undue prejudice to the opposing party." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 893 (9th Cir. 2010) (quotations omitted). Franz bought the Lotion five years ago, filed this action three years ago, petitioned the FDA to no avail, and has tried out various theories of harm in three different complaints. At some point, Nivea's interest in not being subjected to repeated, diverse legal theories must also come into play. The Court denies Franz's request to amend and dismisses the action with prejudice.

**IT IS SO ORDERED**.

DATED: April 4, 2017

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

---

[4] Dkt. 46 at 2-3, 6.

[5] Dkt. 46 at 6.