

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 02 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ASHLEY FRANZ, On behalf of herself and all others similarly situated,

        Plaintiff - Appellant,

 v.

BEIERSDORF, INC., a Delaware corporation,

        Defendant - Appellee.

No. 17-55646

D.C. No. 3:14-cv-02241-LAB-AGS
U.S. District Court for Southern California, San Diego

**MANDATE**

The judgment of this Court, entered December 11, 2018, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

        FOR THE COURT:

        MOLLY C. DWYER
        CLERK OF COURT

        By: Nixon Antonio Callejas Morales
        Deputy Clerk
        Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ASHLEY FRANZ, On behalf of herself and all others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> BEIERSDORF, INC., a Delaware corporation, <br><br> Defendant-Appellee. | No.   17-55646 <br><br> D.C. No. <br> 3:14-cv-02241-LAB-AGS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 13, 2018
Pasadena, California

Before: GOULD and MURGUIA, Circuit Judges, and AMON,[**] District Judge.

The district court dismissed Plaintiff-Appellant Ashley Franz's claim on the grounds that she failed to adequately plead that the amount in controversy exceeds the jurisdictional minimum and that she lacks standing.  Plaintiff timely appealed

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

that decision.  We have jurisdiction under 28 U.S.C. § 1291.  We reverse and remand for further proceedings.

  1. Plaintiff has adequately pled that the amount in controversy exceeds $5,000,000—the jurisdictional minimum under the Class Action Fairness Act ("CAFA").  28 U.S.C. § 1332(d)(2).  We need not decide which version of Plaintiff's complaint we should look to in determining jurisdiction, because we conclude that Plaintiff has adequately pled the requisite amount in controversy under each iteration.  In her Second Amended Complaint, which proposes the most restrictive class definition, Plaintiff alleges that the proposed class includes all California consumers who purchased NIVEA Skin Firming Hydration Body Lotion with CoQ10 Plus formulated with Co-Enzyme Q10 and Hydra-IQ ("Nivea CoQ10") "within the applicable statute of limitations period."  Nivea CoQ10 retails for approximately $10.  During the applicable class period, Defendant-Appellee Beiersdorf, Inc. allegedly sold Nivea CoQ10 "online and in virtually every major food, drug, and mass retail outlet."  It is easily conceivable that Defendant sold the product 500,000 times in a state the size of California over a multi-year period.  Defendant does not dispute that the amount in controversy exceeds $5,000,000.  We cannot say "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938); *accord Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir.

2015); *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007), *overruling on other grounds recognized by Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013). The district court erred by *sua sponte* dismissing Plaintiff's claim on the ground that Plaintiff did not adequately allege that the amount in controversy exceeds the jurisdictional minimum.

2. Plaintiff has standing under California's Unfair Competition Law ("UCL"). Plaintiff alleges that Defendant sold a "drug"—Nivea CoQ10—without FDA approval. Plaintiff contends that doing so violates the Food, Drug, and Cosmetic Act ("FDCA"), *see* 21 U.S.C. §§ 331(d), 355(a), and California's Sherman Law, *see* Cal. Health & Safety Code § 111550. Plaintiff alleges that, as a result, she spent money on a product that should not have been on the market. Those allegations are sufficient to establish standing under the UCL. *See Medrazo v. Honda of N. Hollywood*, 205 Cal. App. 4th 1, 11–13 (2012), *modified on denial of reh'g* (Apr. 16, 2012). Plaintiff need not plead reliance because neither the alleged FDCA violation nor the alleged Sherman Law violation requires allegations of fraud or deception. *See id.* at 12 (explaining that claims based on a theory of fraud require a plaintiff to demonstrate reliance to establish standing because "reliance is the causal mechanism of fraud." (quoting *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009))). In response, Defendant relies on *Demeter v. Taxi Computer Services*, 21 Cal. App. 5th 903 (2018), and *Medina v. Safe-Guard*

*Products*, 164 Cal. App. 4th 105 (2008), to contend that Plaintiff lacks standing under the UCL. Because those cases concerned voidable service contracts, *Demeter*, 21 Cal. App. 5th at 913; *Medina*, 164 Cal. App. 4th at 112, whereas *Medrazo* and the present case concern goods that a defendant was allegedly not legally allowed to sell in the form being offered, we believe *Medrazo* to be more directly on point. We therefore hold, consistent with *Medrazo*, that Plaintiff has sufficiently demonstrated standing under the UCL.

      3.      Plaintiff likewise has standing under Article III of the United States Constitution. Plaintiff alleged injury in fact—she spent money on Nivea CoQ10. Defendant's allegedly illegal conduct caused that injury, insofar as Defendant allegedly sold a product in commerce that it should not have sold. And the injury is redressable—in restitution—by a favorable court decision. *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 1547 (2016). The district court erred by dismissing Plaintiff's claim on the ground that she lacked standing.

      4.      As an alternative ground for affirmance, Defendant urges us to hold that Plaintiff has failed to state a claim. The district court did not reach this issue. Although we may affirm on "any ground supported by the record," *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008), we decline to decide whether Plaintiff has "state[d] a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)), in the first instance.  The district court should consider Defendant's contentions on remand in the first instance.

**REVERSED** and **REMANDED** for further proceedings.